Parker C. J.
delivered the opinion of the Court. The principal objection to the verdict in this case arises from the supposed lien which Lobdell, the debtor, had on the goods attached, as the factor to whom they were sent to be sold on commission, he having accepted droughts drawn by Holly, the plaintiff, the balance at the time of the attachment being in his favor.
It was argued that this lien so destroyed the right of possession in Holly, that he cannot maintain trespass against the sheriff who made the attachment. We think this objection is not supported. It is true that the plaintiff must be in possession of the goods at the time of the injury, in order to maintain this action, for it is a remedy for an injury done to the possession. But by the authorities, general property in the goods carries with it constructively the possession, unless by some act of the owner he has so parted with the possession that at the time of the injury he has no right to reclaim it; as if, by contract, he had given the use and possession of the goods for a specified time, during which that injury occurs ; which may happen in the case of a lease of a house with the furniture in it, or of a store with the goods in it, or of a manufactory with the machinery.[1] But the lien of a factor does not dispossess the owner, until the right is exerted by the factor. It is a privilege which he may avail himself of or not, as he pleases. It continues only while the factor himself has the possession, and therefore if he pledges the goods for his own debt, or suffers them to be attached, or otherwise parts with them voluntarily, the lien is lost,[2] and the owner may trace and recover *79 /hem, or he may sue in trespass if they are forcibly takei.; for his constructive possession continued notwithstanding the lien. None but the factor himself can set up this privilege against the owner. It is a personal privilege of the factor, and cannot he transferred ; nor can the question upon it arise between my but the principal and factor. Jones v. Sinclair, 2 New Hamp. R. 321; Daubigny v. Duval, 5. T. R. 606.[1]
The next objection is, that the property in the large chain, having vested in Lobdell by his purchase from Cutler & Hammond, to whom it had been sold by him, could not be divested jut by some formal act of transfer from him to Holly ; of which, it is said, there was no evidence. But we think, on this point, the case is clearly made out_ for the plaintiff. By the original authority given to Lobdell to sell, it was agreed, that in case the cables should prove defective, they should be returned. Now the large cable proved to be defective. The plaintiff was notified of it and agreed to take it back, and it was on Lobdell’s books charged back to Holly, before the attachment. This was quite sufficient to revest the property in Holly, and Lobdell being his agent and factor, there was no need of a formal act of delivery, for the possession of the factor is the possession of the principal.[2]
The last objection is founded on the assignment of his interest in this property by Holly, after the attachment, but before this action was commenced; from which it is inferred by the counsel for the defendant, that Holly had no property remaining, and therefore has no right to recover.
The property at the time of that assignment wras in the custody of the law under attachment. The plaintiff’s right was in action only, and that he could not sell so as to enable the ve idee to sustain an action. He had a right to carry on the suit in his own name for the benefit of his vendee, and the defendant cannot object to his want of title on this ground.[3]

Judgment according to verdict.

 See 1 Chitty on PI. (7th Am. edit.) 194, 195.

 See Story’s Comm, on Agency, 378 et seq. and cases cited.

 See Story’s Comm, on Agency, 384.

 Where parties agree to rescind a sale once made and perfected, without fraud, the same formalities of delivery, &c. are necessary to revest the property in the original vendor, which were necessary to pass it from him to the vendee. Quincy v. Tilton, 5 Greenleaf, 277.

 See 1 U. S. Digest, 247, Assignment, 111. The Court will protect the *80 right of the vendee to sue in such case, even against the vendor, in whose name the suit is brought; so that the vend'or cannot discharge the suit when brought by the vendee, or defeat it by his admissions or his testimony. Matthews v. Haughton, 1 Fairfield, 420; Hachct v. Martin, 8 Greenleaf, 77, Frear v Evertson, 20 Johns. R. 142; Titcomh v. Thomas, 5 Greenleaf, 284.