Lincoln Trust Company, as Substituted Trustee under the Will of Mary G. Pinkney, Deceased, Appellant, *v.* Williams Building Corporation, Respondent.

**Real property — New York city — Zoning Law proper exercise of police power and not an incumbrance on real property — when purchaser required to specifically perform contract to purchase property within restricted area.**

1. A resolution regulating and limiting the height and bulk of buildings hereafter erected, and regulating and determining the area of yards, courts and other open spaces, and regulating and restricting the location of trades and industries, and the location of buildings designed for specified uses and establishing the boundaries of districts for the said purposes, adopted by the board of estimate and apportionment of the city of New York pursuant to the so-called Zoning Law (L. 1901, ch. 466, amd. L. 1914, ch. 470; L. 1916, ch. 497), is a proper exercise of the police power and does not constitute an incumbrance upon real property.

2. Where a person agrees to purchase real estate, which, at the time, is restricted by laws or ordinances, he will be deemed to have entered into the contract subject to the same. He cannot thereafter be heard to object to taking the title because of such restrictions.

3. In an action brought by a vendor to compel specific performance of a contract to purchase real property in the city of New York, a defense that the property was incumbered by the so-called zoning resolution will be overruled and defendant required to specifically perform its contract where the contract was deliberately entered into, it is not claimed that defendant was misled, deceived or improperly influenced in making it, the situation, so far as the resolution in question is concerned, was precisely the same when the deed was to be delivered as when the contract was executed, and defendant was not buying the property for a particular purpose. (*Anderson v. Steinway & Sons*, 178 App. Div. 507; affd., 221 N. Y. 639, distinguished.)

*Lincoln Trust Co.* v. *Williams Building Corp.*, 183 App. Div. 225, reversed.

(Argued June 10, 1920; decided July 7, 1920.)

Appeal from a judgment entered May 11, 1918, upon an order of the Appellate Division of the Supreme Court

314   Lincoln Trust Co. *v.* Williams Bldg. Corp.

[229 N. Y.]              Points of counsel.              [July,

in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing judgment in favor of defendant.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph M. Proskauer* and *Wesley S. Sawyer* for appellant. The building zone resolution is not an incumbrance within the meaning of the contract. (*Anderson* v. *Steinway & Sons,* 178 App. Div. 507; 221 N. Y. 639; *Goodrich* v. *Pratt,* 114 App. Div. 771; *Bull* v. *Burton,* 227 N. Y. 101; *Dethloff* v. *Voit,* 172 App. Div. 201; *Clement* v. *Burtis,* 121 N. Y. 708; *Fossume* v. *Requa,* 218 N. Y. 342; *Real Estate Corp.* v. *Harper,* 174 N. Y. 123; *Lathers* v. *Keogh,* 109 N. Y. 583; *Keating* v. *Gunther,* 32 N. Y. S. R. 1112; 129 N. Y. 659; *Dieterling* v. *Miller,* 121 N. Y. 40.) Parties are presumed to contract with reference to the laws and ordinances. (*Rose* v. *Bristol,* 174 App. Div. 15; *Ward* v. *Union Trust Co.,* 172 App. Div. 572; 224 N. Y. 73; *Herald Sq. Realty Co.* v. *Saks & Co.,* 215 N. Y. 427; *City of Buffalo* v. *N. Y., etc., R. R. Co.,* 152 N. Y. 280; *Crayton* v. *Larabee,* 220 N. Y. 501; *Markowitz* v. *Arrow Co.,* 102 Misc. Rep. 532; *Neeson* v. *Bray,* 19 N. Y. Supp. 841.)

*Charles C. Peters* for respondent. The restrictions placed upon the use of the property by the building zone resolution constitute an incumbrance within the meaning of the contract. (Bouvier Law Dict. 696; Greenl. Ev. § 242; Washburne on Real Prop. 659, § 14; *Levin* v. *Hill,* 117 App. Div. 472; *Dieterlin* v. *Miller,* 114 App. Div. 40; *Bull* v. *Burton,* 227 N. Y. 112; *Foster* v. *Scott,* 136 N. Y. 582; *Anonymous,* 2 Abb. [N. C.] 56; *Bank* v. *Alexander,* 3 Cent. Rep. 388; *Hymes* v. *Esty,* 116 N. Y. 502; *Evans* v. *Taylor,* 177 Penn. St. 286; *Graybill* v. *Rubel,* 225 Penn. St. 417; *Cones* v. *Hallahan,* 209 Penn. St. 224; *Daniels* v.

Lincoln Trust Co. *v.* Williams Bldg. Corp. 315

1920.]      Opinion, per McLaughlin, J.      [229 N. Y.]

*Shaw,* 166 Mass. 582.)   A statutory restriction upon the
use of real property is an incumbrance within the meaning
of the contract. (*Forster* v. *Scott,* 136 N. Y. 582; *Bank*
v. *Alexander,* 3 Circuit Rep. 388; *Evans* v. *Taylor,* 177
Penn. St. 286; *Graybill* v. *Rubel,* 225 Penn. St. 417;
*Cones* v. *Hallahan,* 209 Penn. St. 224; *Daniels* v. *Shaw,*
166 Mass. 582; *Anderson* v. *Steinway,* 165 N. Y. Supp.
608; *Heller* v. *Cohen,* 154 N. Y. 306; *Dyker Heights Co.* v.
*Cook,* 159 N. Y. 7; *Acme Realty Co.* v. *Schinaisi,* 215
N. Y. 506.)   A law which imposes an incumbrance upon
the land cannot be imported into an executory contract
of sale, where the contract provides for the delivery of a
deed free from incumbrances. (*Bull* v. *Burton,* 227 N. Y.
112; *Lese* v. *Lamprecht,* 196 N. Y. 37; *Nathan* v. *Morris,*
42 N. Y. S. R. 431; *Pryor* v. *City of Buffalo,* 197 N. Y.
139; *Fossume* v. *Requa,* 218 N. Y. 344; *Evans* v. *Taylor,*
177 Penn. St. 286; *Walton* v. *Meeks,* 120 N. Y. 79; *Hymes*
v. *Esty,* 116 N. Y. 502; *Callanan* v. *Keenan,* 224 N. Y.
508.)   The resolution is not a regulation as that word
has been used and defined in this state; it does not regu-
late the manner of operating a building, but restricts the
use of the land, and is, therefore, an incumbrance. (*Health
Dept.* v. *Rector,* 145 N. Y. 32; *Tenement House Dept.* v.
*Moeschen,* 179 N. Y. 325; *People* v. *Kaye,* 212 N. Y. 407;
*McIntosh* v. *Johnson,* 211 N. Y. 265.)

McLaughlin, J.   This action is brought by a vendor
against a vendee to procure a judgment directing specific
performance of a contract for the purchase and sale of
real estate in the city of New York.   The complaint
contains the usual allegations pertaining to such an
action and a copy of the contract is annexed to and made
a part of it.   The contract was dated August 21, 1916.
The purchase price was $50,000, $2,000 of which was
paid at the time of the execution of the contract, $3,000
agreed to be paid on delivery of the deed, and the balance
to be secured by mortgages.   The answer did not put

# 316   Lincoln Trust Co. v. Williams Bldg. Corp.

in issue the material allegations of the complaint, but alleged that the contract provided the property was to be conveyed " free from all encumbrances " except certain ones specified, and that it was, in fact, subject to an incumbrance by virtue of a resolution of the board of estimate and apportionment of the city of New York, entitled, " A resolution regulating and limiting the height and bulk of buildings hereafter erected, and regulating and determining the area of yards, courts and other open spaces, and regulating and restricting the location of trades and industries, and the location of buildings designed for specified uses and establishing the boundaries of districts for the said purposes," which justified defendant in refusing to accept the title. The plaintiff asked that defendant be required to specifically perform and defendant asked that the complaint be dismissed and plaintiff be required to return the amount paid. The reply put in issue the validity of such resolution.

The resolution referred to was passed July 25, 1916, pursuant to chapter 466 of the Laws of 1901, as amended by chapter 470 of the Laws of 1914, and as further amended by chapter 497 of the Laws of 1916. The restrictions imposed are due to the so-called Zoning Law. The defendant, according to the findings, did not, when it entered into the contract, have actual knowledge of the existence of the resolution, but; nevertheless, both parties were presumed to have such knowledge.

No evidence was offered tending to show that the resolution affected in any way the value of the property contracted to be conveyed, or that by reason thereof, if defendant took the title it would sustain any damage. (*Riggs* v. *Pursell*, 66 N. Y. 193, 203.) The trial court sustained the plaintiff's contention. The Appellate Division reversed and sustained the defendant's contention.

The resolution divided the real estate into three districts, " residence district;" " business district," and " unrestricted district." The land which the defendant

contracted to purchase was in the residence district. The question presented is whether the resolution constituted an incumbrance which would relieve the purchaser from its obligation to complete the purchase as provided in the contract.

In a great metropolis like New York, in which the public health, welfare, convenience and common good are to be considered, I am of the opinion that the resolution was not an incumbrance, since it was a proper exercise of the police power. The exercise of such power, within constitutional limitations, depends largely upon the discretion and good judgment of the municipal authorities, with which the courts are reluctant to interfere. The conduct of an individual and the use of his property may be regulated. (*Village of Carthage* v. *Frederick*, 122 N. Y. 268; *People* v. *Gillson*, 109 N. Y. 389; *Matter of Jacobs*, 98 N. Y. 98.) In the exercise of the police power the uses in a municipality to which property may be put have been limited and also prohibited. Thus, the manufacture of bricks (*Hadacheck* v. *City of Los Angeles*, 239 U. S. 394); the maintenance of a livery stable (*Reinman* v. *City of Little Rock*, 237 U. S. 171); a dairy (*Fischer* v. *St. Louis*, 194 U. S. 361); a public laundry (*Soon Hing* v. *Crowley*, 113 U. S. 703); regulating billboards (*Cusack Co.* v. *City of Chicago*, 242 U. S. 526); a garage (*Matter of McIntosh* v. *Johnson*, 211 N. Y. 265); the installation of sinks and water closets in tenement houses (*Tenement House Dept. of N. Y. City* v. *Moeschen*, 179 N. Y. 325; affd., 203 U. S. 583); the exclusion of certain business (*Grumbach* v. *Lelande*, 154 Cal. 679); a hay barn, wood yard or laundry (*Ex parte Quong Wo*, 161 Cal. 220); a stone crusher, machine shop or carpet beating establishment (*Matter of Montgomery*, 163 Cal. 457); the slaughter of animals (*Cronin* v. *People*, 82 N. Y. 318); the disposition of garbage (*City of Rochester* v. *Gutberlett*, 211 N. Y. 309); registration of plumbers (*People ex rel. Nechamcus* v. *Warden City*

*Prison*, 144 N. Y. 529); prohibiting the erection of a billboard exceeding a certain height (*City of Rochester* v. *West*, 164 N. Y. 510; *Cusack Co.* v. *City of Chicago*, 242 U. S. 526); regulating the height of buildings (*Welch* v. *Swasey*, 214 U. S. 91); compelling a street surface railroad corporation to change the location of its tracks (*People ex rel. City of Olean* v. *W. N. Y. & Pa. Traction Co.*, 214 N. Y. 526); prohibiting the discharge of smoke (*City of Rochester* v. *Macauley-Fien Milling Co.*, 199 N. Y. 207); the storing of oil (*Union Oil Co.* v. *City of Portland*, 198 Fed. Rep. 441; *Standard Oil Co.* v. *City of Danville*, 199 Ill. 50); and generally, any business, as well as the height and kind of .building, may be regulated by a municipality under power conferred upon it by the legislature (*Hauser* v. *No. British & M. Ins. Co.*, 206 N. Y. 455).

The resolution in question simply regulates the use of property in the districts affected. It does not discriminate between owners. It is applicable to all alike. Therefore the general and well-nigh universal rule should be applied, viz., that where a person agrees to purchase real estate, which, at the time, is restricted by laws or ordinances, he will be deemed to have entered into the contract subject to the same. He cannot thereafter be heard to object to taking the title because of such restrictions. (*Bennett* v. *Buchan*, 76 N. Y. 386.)

The contract was deliberately entered into. It is not claimed that defendant was misled, deceived or improperly influenced in making it. The situation, so far as the resolution in question is concerned, was precisely the same when the deed was to be delivered as when the contract was executed. Defendant was not buying the property for a particular purpose. This case is clearly distinguishable from *Anderson* v. *Steinway & Sons* (178 App. Div. 507; affd., 221 N. Y. 639). There, the land contracted to be purchased was for a specific use, known to both parties, and the contract was executed prior to

the passage of the so-called zone resolution.   Under such circumstances, the court held it would not, in the exercise of its discretion, decree specific performance.   No such situation is here presented.   It may be, as the Appellate Division found, that the defendant, at the time the contract was signed, did not have actual knowledge of the existence of the resolution.   But this was something which it was presumed to have.   The law always assumes that one contracts with intelligence and such assumption is not overcome, unless proof be offered to the contrary, by an assertion of ignorance.   (*Utermehle* v. *Norment*, 197 U. S. 40.)   The court must enforce contracts as made.   It looks to the instrument and usually is not concerned with the intelligence of the parties.

I am of the opinion that the resolution in question is a valid one; that it does not constitute an incumbrance upon the property which defendant agreed to purchase; and that it should be required to specifically perform the contract.

Since this opinion was written an opinion of the justices of the Supreme Judicial Court of Massachusetts (127 N. E. Rep. 525) has been published, which sustains the conclusion above expressed.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK Ch. J., COLLIN, HOGAN, POUND and ANDREWS, JJ., concur; ELKUS, J., not sitting.

Judgment reversed, etc.