PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MORRIS LEVINE and TONY ROSS, Defendants.

County Court, Rensselaer County, October, 1922 (Received December, 1922).

Municipal corporations — ordinance prohibiting business, not a nuisance per se, in a particular part of city is unconstitutional.

A city ordinance which prohibits in a particular part of the city a business which is not a nuisance *per se*, is unconstitutional.

An ordinance of the city of Troy, N. Y., which declares that " the erection, maintenance or operation within 300 feet of any building occupied or designed for use as a dwelling in that portion of the City of Troy, south of Monroe Street of any structure, machine or contrivance intended for use or used in the crushing or breaking of what is commonly known as scrap iron without the consent of the Common Council for that purpose being first had and obtained is hereby declared to be unlawful and is prohibited," violates article 1 of section 6 of the Constitution of the state in that it is arbitrary, discriminatory and destructive of the constitutional rights of the citizen.

A judgment of conviction for a violation of said statute reversed and the defendants discharged.

APPEAL from judgment of Police Court, city of Troy.

*Timothy J. Quillinan,* district attorney, and *Thomas H. Guy,* corporation counsel, for People.

*James F. Brearton,* for defendant.

RUSSELL, J. This is an appeal by the defendants from a judgment of conviction in the Police Court of the city of Troy on the 1st day of March, 1922, for a violation of a certain ordinance of the city of Troy, adopted by the common council of said city of Troy on May 19, 1921, and approved by the mayor on May 25, 1921.

The ordinance relates to the erection, maintenance and operation of structures, machines or contrivances used or to be used for the purpose of crushing or breaking scrap iron in the city of Troy south of Monroe street. The particular section which is alleged to have been violated reads as follows:

" Section 1. The erection, maintenance or operation within 300 feet of any building occupied or designed for use as a dwelling in that portion of the City of Troy, south of Monroe Street of any structure, machine or contrivance intended for use or used in the crushing or breaking of what is commonly known as scrap iron without the consent of the Common Council for that purpose being first had and obtained is hereby declared to be unlawful and is prohibited."

The questions raised on the appeal are as follows: The defendants objected to the jurisdiction of the court on the ground that the ordinance is discriminatory and directed against the operation of a business lawful in itself in a particular part of the city, namely, that part of the city south of Monroe street, and further on the ground that it is an unlawful and arbitrary interference with a business in that it deprives the defendant of the free, full and complete exercise of his liberty to carry on and conduct a lawful business and the free, full and complete use and enjoyment of his property.

The questions raised on the appeal do not arise from any technical

errors committed on the trial. The facts before the trial court are not in dispute.

From the wording of this ordinance it is plain to see that the ordinance prohibits a certain business in a particular part of the city and is not an attempt to make a uniform regulation for the conduct of a particular business throughout the city of Troy. Upon this question mainly depends the constitutionality of the ordinance. If the business were a nuisance *per se* I am then inclined to think that the common council would have a right to prohibit such business in any particular locality. I do not believe that this business can be termed a nuisance *per se* such as that of a slaughter house or the storage of a large quantity of gasoline.

It is conceded by both the people and the defendants that the land occupied by the defendants for scrap iron business lies in the immediate vicinity of the premises occupied by the Burden Iron Company and also the Continuous Rail Joint Company; also that this land is bounded on the west by the tracks of the New York Central Railroad Company and that from the 19th day of May, 1921, spurs and switches from the railroad tracks extended into the premises in question used by the defendants for their business. It is also conceded that north of Monroe street in the city of Troy and within five city blocks north of Monroe street, there are in use and have been in use for some time past at least two machines or contrivances intended for use and used in the crushing and breaking of what is commonly known as scrap iron within 300 feet of residences within such locality north of Monroe street. It is also conceded that for fifteen years immediately prior to the passage of said ordinance, the premises so occupied by said Levine had been used and occupied by him and his predecessors as a scrap iron yard and that machines in this case had been operated during that period of time for the breaking and crushing of scrap iron.

From the reading of the ordinance it clearly appears that there was nothing to prohibit the crushing or breaking of iron a foot north of Monroe street. There is nothing in the ordinance that would prevent this same particular business being carried on next door to the City Hall or in any other part in the heart of the business center of the city, if the consent of the common council were obtained, while it does prohibit any such business a foot south of Monroe street. The People in order to uphold the constitutionality of the ordinance rely upon the law relative to the exercise of the police power as appears in the case of *Lincoln Trust Co.* v. *Williams Bldg. Corp.*, 229 N. Y. 313, in which the court held: " The exercise of such power, [police power] within constitutional

limitations, depends largely upon the discretion and good judgment of the municipal authorities, with which the courts are reluctant to interfere."

This case relates to zoning districts and regulates the use of property in those districts. "It does not discriminate between owners, but applies to all alike." It was a power given to the authorities of New York city to regulate and restrict trades and industries pursuant to a Zoning Law passed by the legislature of the state of New York (Laws of 1916, chap. 497). There was no evident intent of the ordinance in question to zone the city of Troy. If so, by the very concessions in the People's case it would be in conflict with what is allowed in a more populous district and, therefore, inconsistent with its alleged purpose. It is here, I think, the authorities have made a distinction and rather than to allow an ordinance to be arbitrary and discriminatory have held that the power vested in a municipal body where the business is not a nuisance *per se* should be regulatory. This ordinance in question falls within the interpretation of the law as laid down by the Appellate Division in *N. Y. Sanitary Co.* v. *Dept. of Health*, 61 App. Div. 103, 114.

It is an ordinance directed against the continuance of a business in a limited locality of a municipality. It does not regulate a particular kind of business generally throughout the whole city of Troy, neither does it regulate nor prohibit it in other parts of the city where the same neighborhood conditions exist. The common council has by implication permitted this same kind of business to be carried on in other parts of the city of Troy even within the most populous districts of the city. It deprives the defendants of the use of their property. It is, therefore, in my opinion arbitrary, unreasonable and not in the interest of the general public of the whole city of Troy.

It appears when carefully construed to have been aimed at this particular business in a particular locality. I am of the opinion that the ordinance would have been constitutional had it been in its terms regulatory, and not arbitrary, discriminatory and destructive of the constitutional rights of the citizen. It is, therefore, my opinion that the ordinance is unconstitutional in that it violates article 1, section 6, of the Constitution of the state of New York, and that the judgment of conviction should be reversed and the defendants discharged.

Judgment of conviction reversed and defendants discharged.

Judgment reversed.