A. KIMBALL COMPANY, Plaintiff, *v.* CHARLES A. FOX, Defendant,

Supreme Court. Bronx Special Term, May, 1923.

**Vendor and purchaser — contract to purchase land — restrictions as to use of property — effect of zoning ordinance — when purchaser entitled to recover down payment.**

A vendee will be deemed to have entered into a contract for the purchase of real estate subject to existing restrictions as to its use so far as they are imposed by laws or ordinances.

In an action by the vendee under a land contract to establish a lien for its down payment it appeared that restrictions of record affecting a part of the property described in the contract provided that the owner should not erect, suffer or permit any establishment of a dangerous, noxious or offensive character, as well as certain stated establishments also of a noxious character. By reason of the inclusion of the property within a " business district " under section 4 of the Building Zone Resolution of the City of New York most of the establishments referred to in the restriction of record would not be permissible on the property and the defendant contended that a use which would be violative of the restrictions would be forbidden by the zoning resolution and that, therefore, the incumbrance of record was entirely technical and unsubstantial, adding nothing to the effect of the zoning ordinance. *Held,* that because of differences of section 4 of the Building Zone Resolution and the restrictions of record enough doubt was created to prevent a holding that there was nothing prohibited by the restrictions of record which was not also forbidden by the zoning ordinance, and that plaintiff was justified in rejecting the title because of the restrictions of record.

Judgment as demanded by the complaint and judgment against the defendant on his counterclaim asking for the specific performance of the contract, granted.

ACTION to establish a vendee's lien for the down payment under a land contract.

*A. A. Silberberg,* for plaintiff.

*H. M. Stevenson,* for defendant.

MARTIN, FRANCIS, J. This is an action brought by a vendee under a contract for the purchase and sale of real estate, to establish a lien for the down-payment, title having been rejected because of restrictions of record affecting part of the property described in the contract. They provide that the owner shall not erect, suffer or permit any establishment of a dangerous, noxious or offensive character, as well as certain stated establishments, also of a noxious character. Defendant's contention is that a use which would be violative of such restrictions would be forbidden by the zoning resolution, the premises being in a " business district," and that, therefore, the incumbrance of record is entirely technical and unsubstantial, adding nothing to the effect of the Building Zone Resolution. From a comparison of the restrictions of record with the provisions of section 4 of the Building Zone Resolution it is apparent that most of the establishments referred to in such restrictions of record would not be permissible on the property in view of its inclusion in a " business district." However, there are some differences between the provisions of said section of the zoning-resolution and the restrictions of record. As to that, there is enough doubt in my mind to prevent me from holding that there is nothing which may be prohibited by said restrictions which is not also forbidden by the ordinance. There is, however, a second and more important reason for denying the judgment which defendant seeks — that the action be dismissed and that plaintiff be directed to specifically perform the contract. While the inhibitions of the zoning resolution would not constitute sufficient ground for refusing to take title (*Lincoln Trust Co.* v. *Williams Bldg. Corp.*, 229 N. Y. 313), the restrictions afford such ground in my opinion, even though they prohibit nothing which is not forbidden by the ordinance. Urging a contrary view, defendant cites *Bull* v. *Burton*, 227 N. Y. 101. In that case the court considered, among other things, a restriction of record relating to materials that might be used in the erection of a building upon the property affected, and decided that it did not render the title to the land unmarketable, because it did not prohibit anything which was not prohibited by statute or ordinance. But the decision on that point rests upon the fact that the statutory or municipal prohibitions were not subject to the possibility of change, and that " upon the facts disclosed " such a change was " too remote for practical consideration." Id. 107. It is important to know just what the court had in mind in using the language quoted. The property referred to in that case is known as No. 448 Fifth avenue, borough of Manhattan. The effect of the covenant there, so far as we are discussing it, is to prohibit the improvement of said property by the erection on it

of frame buildings, it being provided that no building shall be built excepting " of brick or stone, with roofs of slate or metal." Evidently the court had in mind that, for all practical purposes, it could be assumed the statutes or ordinances would never be changed " so as to permit the use of building materials other than brick and stone, slate and metal and other materials fairly comprehended within such enumeration " on Fifth avenue, in the center of Manhattan. But it would be contrary to fact for me to say that " it is too remote for practical consideration " that the zoning resolution might be so changed as to take the property referred to in the complaint here out of a " business district " and to put it into an " unrestricted district." Applications for such changes are being made and considered and in some instances granted from time to time. Such changes are expressly provided for in section 23 of the Building Zone Resolution. It is not at all impossible and not to be considered remote beyond " practical consideration " that the zoning resolution might be changed so as to have the effect referred to above. An application for such a change might be made and granted at any time, and even as to a mere portion of the street upon which the land is located. It thus appears that, while an owner of the property might succeed in having the zoning resolution changed so as to release it from the restrictions imposed upon properties in a " business district," the incumbrance of record referred to would nevertheless remain in full force and effect. Referring briefly to the case of *Lincoln Trust Co.* v. *Williams Bldg. Corp., supra,* I think that the language of that case should be read in the light of the decision rendered. No such question was involved there as is involved in this case. For example, at page 318 we find this sentence: " Therefore the general and well-nigh universal rule should be applied, viz., that where a person agrees to purchase real estate, which, at the time, is restricted by laws or ordinances, he will be deemed to have entered into the contract subject to the same." That sentence, in the light of the decision, means to my mind that " he will be deemed to have entered into the contract subject to the same," so far as such restrictions are imposed by such laws or ordinances. In this case the restrictions, so far as they are imposed by the zoning resolution, may be changed and if neighboring owners desire it may readily be changed. But there is no such escape from the restrictions imposed by the covenant of record. While the restrictions imposed by the zoning resolution are not regarded as an " incumbrance " (*Lincoln Trust Co.* v. *Williams Bldg. Corp., supra*), the restrictions of record are such and must be given effect as such in the absence of the considerations above referred to which influenced the Court of Appeals in *Bull* v.

*Burton, supra.* The foregoing views lead me to conclude that plaintiff was justified in refusing to take title. There will be judgment as demanded in the complaint and judgment against defendant on the counterclaim. Submit requests to find decision and judgment on notice.

Judgment accordingly.