In the Matter of the Application of MAX WULFSOHN, Respondent, for a Mandamus Order against John BURDEN, as Inspector of Buildings of the City of Mount Vernon, Appellant.— Order of peremptory mandamus reversed on the law, without costs, and motion for such order denied, with fifty dollars costs. Section 20, subdivision 24, of the General City Law* grants to the local authorities specific power to regulate, among other things, the area of yards, courts and other open spaces. Under the terms of the statute, such local regulations in relation to open spaces must be made with reasonable regard to the character of the buildings erected in each district, the value of the land and the use to which it may be put, to the end that such regulations may promote public health, safety and welfare and the most desirable use for which the land of each district may be adapted and tend to conserve the value of buildings and enhance the value of land throughout the city. It appears that the city of Mount Vernon adopted a comprehensive plan for the zoning of the city and exercised its power pursuant to the grant of the Legislature. We cannot say, from the record before us, that the plan as a whole was arbitrary and discriminatory in its application to the respondent's property. It cannot be said as matter of law that the action of the local authorities, in so far as it affects the property of the petitioner, was unreasonable or that it exceeded the exercise of the police power under the statute; nor can it be held as matter of law that the exercise of such power is not connected with public health, public welfare, the diminution of fire hazard and the diminution of contagion from communicable diseases. (*Miller* v. *Board of Public Works*, —— Cal. ——; 234 Pac. 381; *Lincoln Trust Co.* v. *Williams Bldg. Corp.*, 229 N. Y. 313; *Matter of Opinion of Justices*, 234 Mass. 597.) The order to be entered on this appeal should prescribe that the motion for the order of peremptory mandamus is denied as matter of law and not in the exercise of discretion. Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ., concur.