Aram K. Berberian, Warwick, for plaintiffs.

William Harvey, Newport, for defendant.

Mary C. LAVERTY et al.

v.

Charles C. ROBERTS.

No. 77–406–Appeal.

Supreme Court of Rhode Island.

April 28, 1980.

## OPINION

WEISBERGER, Justice.

This case comes before the court on appeal from a judgment of the Superior Court for the County of Newport which dismissed an action by certain taxpayers challenging budget appropriations of the town council of Middletown made in favor of thirteen public service agencies located in Newport county. The trial justice who heard the action without the intervention of a jury dismissed the complaint pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil

Procedure. The basis for his ruling was stated in the following terms:

> "There is absolutely no evidence in the record as to the purposes for which these sums were appropriated; the Chamber of Commerce, Visiting Nurse Association, the Potter League, to name just some of them that are still in the picture. There is absolutely no evidence whatsoever as to the nature of the organizations, the purpose for which these monies will be expended."

The court went on to hold that on the record presented there is no basis to overcome the presumption of validity which attached to official acts of a town council. With this conclusion we agree.

Before this court, plaintiffs limit their challenge to the appropriation for two agencies, the Chamber of Commerce and the Visiting Nurse Service of Newport County. Both of these agencies have filed answers indicating that they perform public services for the town relating to matters within the appropriate concern and function of municipal government. There is no evidence in the record to indicate otherwise. The actions of a city or town council are presumed to be valid. *Carpionato v. Town Council of North Providence*, 104 R.I. 490, 495, 244 A.2d 861, 863 (1968); *City of Providence v. Stephens*, 47 R.I. 387, 133 A. 614 (1926). A mere unsupported assertion that an action by a local legislature is ultra vires is insufficient to raise a question that is in posture for determination either by the trial court or by this court, particularly in the difficult area of decision as to whether an appropriation is for a public purpose. *See* 15 McQuillin, *The Law of Municipal Corporations* § 39.25 (3d ed. rev. 1970).

For the reasons stated, the appeal of the plaintiffs is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are ordered to be remitted to the Superior Court.