MATTHEW C. ALLAN *et al. vs.*
ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

JUNE 13, 1952.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for certiorari, brought under the provisions of general laws 1938, chapter 342, to

414

review and quash the decision of the respondent board, hereinafter called the board, granting the application of A. E. Mattson Company for an exception or variance from the provisions of the zoning ordinance of the city of Warwick so as to permit the erection of an addition to the building presently used by it as a real estate office on lots numbered 171 and 184 on tax assessor's plat No. 322.

When the matter was first before this court it appeared that the board had failed to state the reasons for the decision. On motion of its counsel the case was sent back to the board to permit it to incorporate in the decision the reasons therefor which had been inadvertently omitted. The case is now before us on an amended record which includes such reasons.

The record as thus recertified shows that the land in question is presently being used as a real estate office and that a billboard has also been erected on the premises. The lots upon which the office is located are on the westerly side of Post Road, a state highway, directly opposite the westerly end of Occupasstuxet Road, or the Air Port Road, so called, which forms a "T" intersection with Post Road. The latter is four lanes wide and Air Port Road is six lanes in width. On both corners of Air Port Road directly opposite the premises here involved are two established businesses. On the northeast corner there are a large auto salesroom, a repair shop, garage building, and a gasoline station. On the southeast corner is the "Blue Moon Diner and Cafe" with a large parking space. Both of these areas have recently been changed by the city council from residential "B" to business "D" districts. The easterly side of Post Road immediately north and south of the two areas just described is used exclusively for business.

The application was granted subject to the conditions that there shall be no lumber or gasoline stored on the property and no commercial vehicles parked on the premises. No transcript of testimony has been furnished to us by the

board but merely a synopsis in its own language of what the several witnesses had testified to at the hearing.

In its decision the board used the following language: "The Board feels that with so much of the area zoned for business; with the adjacent areas being used for business for many years by non-conforming uses; there being actually no houses on Post Road in the area and without any tendency for the non-conforming uses to be converted to Residential Purposes, that *the area has become unsuitable for residential purposes.* The applicant can only use this land for residential purposes by tearing down his present building and building upon land which is in dangerous proximity to the airport and upon land which is *so unsuitable for residential purposes that it would be difficult to sell * * ** and to deny this application *would result in undue hardship* to the applicant in the reasonable use of his property." (italics ours)

After a careful examination of the decision and the reasons assigned therefor we are of the opinion that the conclusion was arbitrary and illegal. It appears therefrom that the board based such decision largely upon its own expressed opinion that the entire area upon which the lots in question are situated, although zoned for *residential purposes,* is no longer suitable for such purposes and, inferentially, that in reality it should be zoned for business. The board seeks to bring about that result in the instant case by granting a variance from the present zoning law. It thus tries by indirection to do for the westerly side of Post Road what amounted to an attempt to amend the ordinance, which is clearly beyond the powers expressly delegated to it. Such change can be brought about only by the body authorized to enact and amend the ordinance, namely, the city council. The board appears to have fallen into the same error which we have previously pointed out in the case of *Matteson* v. *Zoning Board of Review,* 79 R. I. 121.

Even if we disregard the fact that by its reasons the decision amounted to an attempt to amend the ordinance,

and thus consider that the application for a variance was granted because the board concluded that its denial would result *in an undue hardship to the applicant* in the reasonable use of its property, we find nothing in the record to support this conclusion. The demolition of the present building, which is a small cubicle 12 feet 6 inches by 20 feet 3 inches, would entail only a slight expense and the land would then be available, as are other adjacent lots, for residential purposes for which they are presently zoned. The record is devoid of any testimony that such lots are not readily salable for residential purposes. In these circumstances we are of the opinion that the decision of the respondent board is arbitrary, illegal, and an abuse of its discretionary powers.

The petition for certiorari is granted, the decision of the respondent board is reversed, and the records in the case which have been certified to this court are ordered sent back to the respondent board.

*Lester S. Walling*, for petitioners.

*Hailes L. Palmer*, City Solicitor of Warwick, for respondent board.