244 A.2d 861.

LUIGI CARPIONATO *et ux. vs.* TOWN COUNCIL OF NORTH PROVIDENCE *et al.*

AUGUST 13, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a civil action instituted in the superior court to declare null and void an amendment to the zoning ordinance of the town of North Providence and to enjoin the issuance of any building permit sought in reliance upon the amendment. The case was heard by a justice of the superior court who entered a judgment dismissing this action. The plaintiffs have presented an appeal to this court.

One of the defendants, Consolidated Realty Corporation (Consolidated), is the owner of a large parcel of land located in North Providence at the northeasterly corner of Mineral Spring and Sunset Avenues. It is described in the records of the tax assessor as lot 770 on plat 21-A. The parcel is irregularly shaped. It fronts on Mineral Spring Avenue for a distance of almost 304 feet. Its rear yard measures some 520 feet. The westerly line of this parcel runs by Sunset Avenue for a distance of 241 feet and the

easterly line runs to a depth of 436 feet. Prior to the adoption of the amendment presently being challenged, that portion of land immediately adjacent to Mineral Spring Avenue was zoned for business purposes to a depth of 150 feet, while the rear part of this parcel was zoned for residential uses. On August 1, 1967, the defendant town council unanimously amended the zoning ordinance in conformity with Consolidated's petition whereby the classification of the rear part of the land under consideration was changed from residential to business uses.

It appears from the record that on February 8, 1965, the town council amended in its entirety the local zoning ordinance. At that time it zoned as business districts the land bordering both sides on Mineral Spring Avenue, commencing at Sunset Avenue and heading easterly toward Smithfield Road. Those districts were 150 feet in depth. As a result of this action the land owned by Consolidated was partly business and partly residential. Commercial endeavors located in this area include among others a bakery, an office building and a billiard parlor. While there are some residences immediately to the east of the subject parcel, they are located in a business district. The plaintiffs own a house on Sunset Avenue. A portion of their land is across from a part of Consolidated's land which is within the 150-foot commercial strip.

Richard F. Sylvestre, a planner employed by the Rhode Island Development Council Planning Division, testified for the town. He told the court of the services his agency has supplied through the years to the town of North Providence. He described the extensive land use study he had undertaken for the town in 1966. He described the area in question as sparsely residential. No residential construction had taken place in this location prior to the filing of the amendment petition. He explained that his agency had advised the council that this particular area of Mineral

Spring Avenue be utilized for commercial purposes. He declared that Mineral Spring Avenue is an arterial highway along which commercial enterprises should be located. He told the court that the August 1967 action of the town council did not violate its comprehensive plan.

A civil engineer attached to the Highway Planning Section of the Rhode Island Department of Public Works also appeared as a witness for defendants. He presented records of his department which showed a steady increase in the daily count of motor vehicles using Mineral Spring Avenue during the preceding three years. In 1964 the weekday average was 13,747 motorists, in 1965 it was 14,230 and in 1966 it had increased to 15,974.

In substance the instant appeal is based on two contentions: first, that the council's action of August 1, 1967, was illegal because of the lack of proper statutory notice; and, secondly, that the amendment is null and void because it violates the comprehensive plan as contemplated in the ordinance.

### Legality of the Council's Action

A proper understanding of plaintiffs' charge in this regard must be based on the following chronological sequence of events.

On or about March 3, 1967, the petition for an amendment of the zoning ordinance was filed with the town clerk. Notice of the pendency of the petition was duly given in accordance with the law then in effect. On April 3, 1967 a hearing was held. The plaintiffs appeared before the council and registered their objections to the grant of the petition. The council took the entire matter under advisement and on August 1, 1967, the ordinance was amended. Earlier, however, on May 26, 1967, P. L. 1967, chap. 173, became the law. Section 2 of this statute provides in effect that no specific change in a zoning map shall be made unless written notice of the time and place of hearing on the pro-

494

posed change shall be given by registered or certified mail to all owners of real property located within a 200-foot perimeter of the subject property. The plaintiffs now contend that the council, having failed to comply with the notice provision of chap. 173, has acted in excess of its jurisdiction and its action thus is of no consequence. While it is true as plaintiffs point out that this court in *R. I. Home Builders, Inc.* v. *Budlong Rose Company*, 77 R. I. 147, 74 A.2d 237, held that a local municipal council's failure to give proper notice of a hearing would vitiate its legislative function, this case is inapposite here.

It is unquestioned that when the council held its April hearing on Consolidated's petition, notice thereof had been duly given pursuant to the then pertinent statutory provisions. At that time, notice of a hearing on a petition to amend a zoning ordinance was required to be advertised in a newspaper having general circulation in the town at least once a week for three successive weeks prior to the date scheduled for the hearing. This was done in the instant case. What plaintiffs seek is a retroactive application of the 1967 act which specifically states that it will take effect upon its passage. In our opinion the statute is prospective in operation and applies only to hearings held after its effective date. We can find nothing in the new statute which discloses that the legislature intended that this statute operate retroactively. See *Langdeau* v. *Narragansett Ins. Co.*, 96 R. I. 276, 191 A.2d 28. Therefore the provisions of chap. 173 are no help to the plaintiffs.

## The Comprehensive Plan

The plaintiffs in urging that the amendment be stricken raised the usual war cry heard in this type of proceeding— the council's action, they say, amounted to spot zoning. The phrase "spot zoning" is a descriptive term and not a word of art. There is valid spot zoning and invalid spot zoning. The fact that a small portion of land is involved

in a legislative action does not make it ipso facto illegal spot zoning. The crucial test for determining if an amendment to a zoning ordinance constitutes illegal spot zoning depends upon whether its enactment violates a municipality's comprehensive plan.

Here we are reviewing the action of a local legislature whose action is presumed to be valid. *City of Providence* v. *Stephens,* 47 R. I. 387, 133 A. 614. The ordinance before us did not create a new commercial district, it extended an existing one. We do not therefore have a situation similar to that in *D'Angelo* v. *Knights of Columbus Bldg. Assn.,* 89 R. I. 76, 151 A.2d 495, where a single lot received a zoning classification inconsistent with the surrounding neighborhood. This being so, we turn to *Cianciarulo* v. *Tarro,* 92 R. I. 352, 168 A.2d 719, where it was pointed out that chap. 24 of title 45 vests in a local legislature when amending its zoning ordinance a broad discretion the exercise of which is not dependent on a change of condition since the original ordinance was enacted. The only limitation placed on this discretion is that any change effected by an amendment must be in conformity with the municipality's comprehensive plan. In *Hadley* v. *Harold Realty Co.,* 97 R. I. 403, 198 A.2d 149, we set forth the criterion to be used in determining whether an amendment to a zoning ordinance violates the comprehensive plan. There we said that if the recent enactment bears a reasonable relationship to the public health, welfare and safety so as to justify its adoption, the comprehensive plan remains intact.

The North Providence town council, as the council did in *Hadley,* elected to use the discretion invested in it by the enabling act and extended the business use allowed on Consolidated's lot to include the entire parcel. The record is clear that the North Providence ordinance contemplated the development of business areas within the town at the very location in question. These commercial purposes are

admittedly impressed with the public interest as to justify their accomplishment by a proper exercise of the power given to the council by the general assembly.

In our opinion, plaintiffs presented no competent evidence as to the amendment being in violation of the town's comprehensive plan while the trial justice received the benefit of the interesting and informative testimony of the planner as he described the aims and endeavors of the North Providence ordinance. This witness gave a graphic view of the objectives to be fulfilled by the council when it enacted the original ordinance in 1965. Particularly paramount in its deliberations was the development of commercial areas along Mineral Spring Avenue especially in the vicinity of lot 770.

Our review of the record shows that the trial justice applied the correct principles of law to the pertinent facts. He neither misconceived nor overlooked any material evidence; therefore we cannot say that he was clearly wrong. *Cianciarulo* v. *Tarro, supra.*

The plaintiffs' appeal is denied and dismissed and the judgment appealed from is affirmed.

*Francis A. Manzi,* for plaintiffs.

*Robert S. Ciresi,* Town Solicitor, *Anthony A. Giannini,* for Consolidated Realty Corporation, defendants.