John R. **VERDECCHIA** et al.

v.

**JOHNSTON TOWN COUNCIL** et al.

No. 89–381–A.

Supreme Court of Rhode Island.

April 16, 1991.

John Verdecchia, Greenville, for plaintiffs.

Anthony M. Gallone, City Sol., Providence, Winifred Ferri, Johnston, for defendants.

OPINION

SHEA, Justice.

This matter is before the Supreme Court on appeal by the plaintiffs from a judgment

for the defendants in an action arising out of an amendment of the zoning ordinance of the town of Johnston by the Johnston Town Council. We affirm.

The defendants Gino Davia, Frank Martinelli, and Frank Susi, d/b/a DMS Enterprises, own a parcel of land designated as lot No. 40 on assessor's plat No. 36 in the town of Johnston, Rhode Island. This lot is approximately 20,000 square feet in area. It is bounded by Railroad Avenue, Allendale Avenue, Grant Street and lot No. 41.

The plaintiffs, John and Elvira B. Verdecchia, are owners of a single-family dwelling which is located on lot No. 66. That lot fronts on Grant Avenue and is separated from lot No. 40 by lot No. 41. The neighborhood in which these lots are located consists predominantly of single family and two-family dwellings. There is one four-family dwelling in the immediate vicinity. All those lots are in an area zoned R–15, which calls for single-family residences.

The defendants filed a petition with the town council for an amendment to the zoning ordinance that would change the classification of their lot from R–15 to R–7, which would permit multi-unit dwellings. The defendant owners stated that their intention was to erect an eight-unit apartment complex on the rezoned lot.[1]

The plaintiffs filed a timely complaint in the Superior Court to challenge the action of the council. After a trial before a judge of that court the complaint was dismissed on the grounds that plaintiffs lacked standing. On appeal we reversed that decision and entered an order remanding the case for further proceedings. After trial on remand the trial justice rendered a decision for defendants. The appeal before us was taken from the judgment entered following that decision.

■ On appeal plaintiffs assert that the trial justice failed to address their claim that the Johnston Town Council lacked the authority to amend the town's zoning ordi-

nance because of the area restrictions set out in article IX of that ordinance.

The zoning ordinance set forth in article IV, section 26–20 of the Johnston Town Code provides that the town council may amend the zoning ordinance following a public hearing. Subsection (e) provides, "Following a public hearing, the town Council may act upon the proposed amendment or minor revisions thereof in such manner as it deems to be in the best interest of the town."

Article IX of the code sets forth dimensional and usage regulations. The permitted uses in residential districts designated R–15 include single-family dwellings and other special-exception uses. Permitted in R–7 zones are single-family and two-family dwellings as well as multi-family dwellings "in accordance with the requirements of Article XI." Section 26–52 of article XI, which outlines the requirements of multi-family dwellings, specifically states that "[t]he Johnston Town Council may permit * * * [a] multi-family dwelling * * * in an * * * R–7 District provided that * * * [t]he tract of land shall consist of not less than one acre in gross area."

The amendment proposed by defendants was simply that defendants' lot be rezoned from R–15 to an R–7 designation. With the granting of that amendment, defendants may build a single- or a two-family residence or dwelling. The plaintiffs argue that since defendants' stated intention in obtaining the amendment was to erect an eight-unit apartment building, the town council was in error in granting the amendment and the Superior Court justice overlooked this factor when he denied their appeal.

However, in his decision the trial justice acknowledged these circumstances. He said:

"The material difference for the purposes of this case between an R–15 zoned district and an R–7 zoned district is that multi-family dwellings as defined in the ordinance is *not* a permitted use in

---

1. Although the R–7 classification permits multi-family dwellings, the zoning ordinance permits such dwellings in R–7 only if the lot or tract of land consists of not less than one acre in gross area. Lot No. 40 contains only 20,307 square feet, which is less than one-half of one acre.

an R–15 district but is a permitted use in an R–7 district *subject to certain conditions under the ordinance.* * * * The Town Council is authorized * * * to permit * * * [a] multi-family dwelling in an R–7 district provided that the tract of land shall consist of not less than one acre in gross area." (Emphasis added.)

It is obvious that the trial justice was aware and did refer to those provisions of the town's zoning ordinance. The plaintiffs' claim that this issue was ignored is without merit. The only issue before the trial justice was the legality of rezoning the land from R–15 to R–7, not whether an eight-unit dwelling could be erected on the land.

■ We note that in his decision the trial justice did say that "[t]he land which was rezoned may not be used for the purpose for which it was rezoned without application to the Zoning Board of Review for some form of relief under the ordinance or enabling statute of this state." On this point the trial justice was not correct in view of our holding in *Northeastern Corp. v. Zoning Board of Review of New Shoreham*, 534 A.2d 603 (R.I.1987). In that case we held that when a certain use is conditionally permitted on the basis of the lot containing a certain minimum square footage, no relief from the area requirements can be granted. We held:

"The so-called deviation affords relief from provisions that govern area and setback restrictions and comes into play only when the project involves a *permitted* use. It is not available in a situation in which the use is granted by way of a special exception." *Id.* at 605. (Emphasis added.)

Since the trial justice's misstatement on that point has no bearing on his finding that the Johnston Town Council acted legally in amending the zoning classification from R–15 to R–7, that error can be of no benefit to plaintiffs.

■ The plaintiffs also assert that the trial justice erred in finding that the action of the town council did not constitute illegal spot zoning. We have said that the amendment of a zoning ordinance is an exercise of a legislative function by a town council and it enjoys a presumption of legality. *Carpionato v. Town Council of North Providence*, 104 R.I. 490, 495, 244 A.2d 861, 863 (1968). This presumption of legality can be overcome only by competent evidence. *Id.* at 496, 244 A.2d at 863–64.

■ The trial justice found specifically that no spot zoning had occurred. He found that the rezoned lot would not be incompatible with the rest of the neighborhood because two-family and multi-family residences already existed in the area. There was ample evidence in the record to support his finding. "Spot zoning" is a term normally applied to changes in the zoning classification of a relatively small tract of land, making its use incompatible with the rest of the district. It is clear that spot zoning, as it is commonly understood, did not occur in this case.

■ The plaintiffs assert also that the amendment was not in compliance with the statutory requirement of comprehensiveness in zoning and was therefore illegal. We do not agree. In regard to compliance with the comprehensiveness in zoning required by G.L. 1956 (1988 Reenactment) § 45–24–3 [2] of the statewide enabling act for local zoning ordinances, we again find that the trial justice reached the correct conclusion. The central issue in this case is whether the R–7 classification was consistent with the zoning pattern in the area. The only permitted uses defendants have under the new R–7 designation are single- and two-family dwellings.

To meet their burden on the comprehensiveness issue, the plaintiffs needed to present evidence that the reclassification of

2. General Laws 1956 (1988 Reenactment) § 45–24–3 reads in part:

"General purposes of ordinances. Regulations shall be made in accordance with a comprehensive plan * * *. *The regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses,* and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout the town or municipality." (Emphasis added.)

the defendants' lot was contrary to the comprehensive plan in the area. They offered no evidence to support their claim. The record indicates that in the neighborhood in which the property lies there are eight single-family residences, three two-family residences, and one four-family residence. There was adequate evidence in the record, therefore, to support the trial justice's conclusion that the zoning-ordinance amendment was in compliance with the comprehensiveness in zoning required by § 45–24–3.

For these reasons the plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.