[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Appeals for the City of Pawtucket. Jurisdiction in this Superior Court is pursuant to § 45-24-20, R.I.G.L. 1956, as amended.
I
CASE TRAVEL
Paul E. Dumont, Jr. and Aileen F. Dumont own a small vacant parcel of land on Armistice Boulevard in the City of Pawtucket. That lot, measuring 48.2 feet by 100 feet consisting of 4,820 square feet is located in an R.S. Residential, one-family zone (Sec. 31-12 Pawtucket Zoning Ordinance). Universal Properties, Inc. wants to purchase that lot from the Dumonts and build thereon a 28 by 43.4 foot "two-story colonial professional office building." Accordingly, because of the existing one-family residence zoning restriction on the lot, which is designated as Lot 625 on the Pawtucket Tax Assessor's Plat 27 the Dumonts and Universal Properties, Inc. on January 9, 1991 filed an application requesting zoning restriction relief by way of variance or exception with the Zoning Board of Appeals for the City of Pawtucket. That application was duly advertised as required by law, and on February 26, 1991 a public hearing was held thereon. At the public hearing, testimony and evidence was presented on the application and objections made thereto. On March 6, 1991 the Zoning Board of Appeals filed its decision, wherein it voted to grant the application for the special exception or variance.
On March 21, 1991, within the time provided by statute, two of those persons who had objected to the granting of the application duly filed their appeal from the Board of Appeals' decision in this Superior Court. Pursuant to § 45-24-20, the certified records of the proceedings before the Appeal Board have been filed with the Court. Legal memoranda of counsel has been filed, and on January 10, 1992 the matter was assigned to this Court for decision. That decision is made and entered as follows.
II
APPELLATE REVIEW OF MUNICIPAL ZONING BOARD DECISIONS Section 45-24-20, R.I.G.L. 1956, as amended, sets out with particular clarity the scope of review authorized in this Superior Court from appeals of decisions of local zoning boards.Section 45-24-20 reads in pertinent part as follows:
 "The Superior Court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In performing its judicial duties as prescribed in § 45-24-20,
this Superior Court cannot substitute its judgment for that of the zoning board. However, this Court must examine the full record to determine whether the findings made by the zoning board were supported by substantial evidence. Apostolou, et al v.Genovesi, et al, 120 R.I. 501, 507 (1978).
Substantial evidence has been defined as being more than a scintilla, but less than a preponderance, and being relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Caswell v. George Sherman Sand GravelCo., 424 A.2d 646, 647 (1981); Apostolou v. Genovesi,120 R.I. 501, 508 (1978).
III
THE APPEAL BOARD'S DECISION
The Appeal Board's March 6, 1991 decision in this case requires initial comment at the outset, with regard to the form thereof. The Appeal Board simply notes therein that it had viewed the subject site and saw a "mixed residence and commercial area" and next concludes that:
 "The Board in voting to grant request feel the structure of the colonial building is very attractive and will increase property values in area."
§ 45-24-20 R.I.G.L. specifically requires a Zoning Board of Review to set out such facts, from the evidence considered by it, which it considered pertinent and material to support its decision. That of course permits an Appellate Court to properly review the findings made, and to determine, as required, if such findings are based upon the required substantial evidence
standard of proof. Our Supreme Court has repeatedly admonished Zoning Boards to set out in their decisions its findings of fact and the reasons for its decision. Only by so doing, can an Appellate Court decide "whether the Board members resolved theevidentiary conflicts, made the prerequisite factualdeterminations, and, applied the proper legal principles."Irish Partnership v. Rommel, 518 A.2d 356, 358 (1986). The Zoning Board in this case should not be taken by total surprise by that law. May-Day Realty Corp. v. Board of Appeals ofPawtucket, 107 R.I. 235, 238-239 (1970). See, also, BellevueShopping Center Associates v. Chase, 556 A.2d 45 (1989).
Some years ago, in Hopf v. Zoning Board of Newport,102 R.I. 275, 288-290 (1967), Judge Paolino cautioned Zoning Boards of Review to the effect that unless their decisions contained specific findings of fact and specific reference to the evidence upon which those findings of fact were made, then in that circumstance, a Zoning Board ran the risk of reversal if the Appellate Court was unable to find from the record that there were good and sufficient basis for its decision. Of particular interest in that regard, to the Zoning Board in this case is,Coderre v. Zoning Board of Pawtucket, 102 R.I. 327, 332 (1967). In that case our Supreme Court stated:
 "While we have commented adversely on the board's failure to exhibit fully the factual basis for its decision, we have no intention of being unduly critical of this or any other board. We recognize that board members are without legal training or experience in decision writing. That recognition has prompted us . . . to suggest to City and Town Solicitors that they offer their assistance to their respective boards in the decision writing process. We repeat that suggestion and at the same time, we advise zoning boards that it is within their prerogative to request counsel who appear before them to submit suggested conclusions of fact and conclusions of law." Coderre, supra, 332.
This Court, despite the inadequacy of the Board of Appeals' decision has nonetheless reviewed all of the certified record to determine if in that record there exists any substantial evidence to support the decision either on the basis of a variance or a special exception. That was necessary because the Appeal Board neglected to specify upon which it had acted.
In the case of a variance, the burden of proof was upon the applicants to show by probative evidence that because of the R.S. zoning restriction upon their land, they were being deprived of all beneficial use of that land. O.K. Properties v. Zoning Boardof Warwick (R.I. January 10, 1992); Gara Realty, Inc. v.Zoning Board, 523 A.2d 855 (1987); DeStefano v. Zoning Board,122 R.I. 241 (1979); Rozes v. Smith, 120 R.I. 515 (1978). The record reveals no evidence that even suggests that they cannot make use of their land consistent with its R.S. zoning restriction. What they really suggested to the Board is that they could make more beneficial use of their land if permitted to build the two-story office building thereon. That of course has never justified the granting of a variance. DiMillio v. ZoningBoard, 574 A.2d 754, 757 (1990); Rhode Island Hospital TrustNational Bank v. East Providence Zoning Board, 444 A.2d 862, 864 (1982). A property owner does not have a vested property right in maximizing the value of his property. DiMillio v. Zoning Board,
supra; Annicelli v. Town of South Kingstown, 463 A.2d 133, 140 (1983).
The applicants also contended before the Board of Appeals that because of neighboring commercial uses, they should be permitted to use their land for commercial purposes. The Board of Appeals apparently believed that to be a valid reason for granting the requested relief because it did note in its decision that it had "viewed the subject site and saw a mixed residence and commercial area." If in fact the Board of Appeals did base its decision on that ground, its error is fatal. Zoning is alegislative function to be exercised only by a city or town council. The existing zoning ordinance enacted by the Pawtucket City Council is presumed to be valid. It enjoys a presumption of validity. Verdecchia v. Johnston Town Council, 589 A.2d 830, 832 (1991); Carpionato v. Town Council of North Providence,104 R.I. 490, 495 (1968). Accordingly, if the Zoning Board of Appeals in this case based its decision on the fact that the applicant's land was no longer suitable for R.S. permitted single residential use, then as previously noted, it committed error. Such a determination is beyond the authority of a Zoning Board to effectuate by use of a variance grant. Matteson v. ZoningBoard, 79 R.I. 121, 123 (1951); Rafanelli v. Zoning Board,103 R.I. 205, 210 (1967); Allan v. Zoning Board, 79 R.I. 413, 415 (1952).
If the Board of Appeals made its decision on the basis of an exception or special exception as noted on the decision form it utilized, then once again, the certified record is unable to support its decision. An exception "pertains to requested relaxation of area and setback requirements for a permitteduse." Gara Realty, Inc. v. Zoning Board, 523 A.2d 855, 858 (1987). See, also, Bamber v. Zoning Board, 591 A.2d 1220, 1223 (1991). The applicant's lot in question is located in an R.S. residential, one-family zone. An office building is not apermitted use therein. Sec. 31-46, Office Uses; PawtucketZoning Ordinance.
Having reviewed the record certified to this Court by the Board of Appeals this Court finds therein no substantial, in fact, no evidence, upon which the Board of Appeals could have legally granted the applicants before it either a variance or an exception. The Board's decision is in excess of the authority granted to the Zoning Board by statute; and, is affected by error of law. Accordingly, the plaintiffs' appeal is granted and the Board of Appeals' decision dated March 6, 1991 is reversed.
Counsel shall prepare and submit an appropriate Judgment for entry.