[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review of the Town of Westerly. The plaintiffs here seek reversal of the Board's decision of October 2, 1991 denying plaintiffs' appeal of the action of the Town of Westerly Zoning Inspector. Jurisdiction in this Court is pursuant to R.I.G.L. 1956 (1991 Reenactment) § 45-24-20. The plaintiffs have filed a timely appeal.
The subject property, a three story building owned by plaintiffs on 377 Atlantic Avenue in Westerly, is located in a W-I zoning district. The plaintiffs utilize one half of the first floor, one half of the second floor, and the entire third floor as their home. The remaining half of the first floor has a separate entrance, a full bath, bedrooms and kitchen facilities. The remaining half of the second floor also has a separate entrance, full bath, bedrooms and kitchen facilities. Those units are rented by plaintiffs during the summer on a weekly basis.
The building therefore consists of three self sufficient units: the two rental units and the portion used by plaintiffs as their home. The issue before the Zoning Board of Review was whether this was a permitted use in a W-I zoning district pursuant to the Westerly Zoning Regulations.
Section V(6)(a)(3) of the Zoning Regulations permits, "the renting of not more than three (3) guest rooms or suites on a residential structure." The Zoning Inspector found that the two rental units were not guest rooms or suites but apartments. Therefore, the plaintiff was found to be in violation of the ordinance and was told by letter from the zoning official that, "Removal of the two apartments will remove the violation." (Exhibit A, letter from "zoning official Jane Hagan Barber to plaintiff's attorney Thomas A. Lynch on January 28, 1991).
The plaintiffs argue that the units in question are permitted under the ordinance. Consistent with this belief, plaintiffs appealed the decision of the Zoning Official to the Westerly Zoning Board and were heard on October 2, 1991. At that meeting, all five members of the board upheld the decision of the Zoning Official.
According to the minutes of that meeting, Town Solicitor John J. Gentile, Jr. furnished the Board and plaintiffs' attorney a copy of what he considered to be a guest suite. (Plaintiffs' exhibit D, defendants' exhibit C, attached to their memoranda of law, Minutes of the October 2, 1991 meeting of the Westerly Zoning board). Plaintiffs have included a copy of a single page with a definition of guest suite and a definition of apartment which is evidently the page referred to in the minutes of the meeting on October 2. (Plaintiff's exhibit C, attached to their Memorandum of Law).
Plaintiffs have appealed to this Court alleging that Section V(6)(a)(3) of the Westerly Zoning Regulations is unconstitutionally vague in that it does not define the term "guest suite." Therefore plaintiffs argue that the section is unenforceable. Plaintiffs also claim that the Westerly Zoning Board of Review's reliance on the solicitor's definitions of guest suite and apartment constituted an invalid amendment to the zoning ordinance.
The standard of review for the Superior Court in reviewing zoning board decisions is pursuant to R.I.G.L. 1956 (1991 Reenactment) § 45-24-20(D), which says:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
While the Court does not find the zoning ordinance unconstitutionally vague on its face, it does think that the board's reliance on the definitions constituted an invalid amendment to the zoning ordinance. Therefore, the Board acted, "in excess of the authority granted to the zoning board by statute or ordinance." R.I.G.L. § 45-24-20(d)(2). In the absence of such reliance, the board has failed to provide sufficient grounds for its decision. Either way, we must overrule the decision of the Board.
Vagueness
In Trembley v. City of Central Falls, 480 A.2d 1359 (R.I. 1984), the court held that, "where the terms of an ordinance are unambiguous on their face . . . that ordinance does not violate the due process clause of the Fourteenth Amendment." Trembley
at 1365. In order to be unconstitutionally vague, such an ordinance would need to force a "person of average intelligence to guess and to resort to conjecture as to its meaning." The court found no Fifth Amendment due process violation either.Id. at 1367. Although that court did not address the issue, this Court thinks the due process clause of the Rhode Island Constitution is not violated in such a case for the same reasons.
The ordinance very clearly states that the renting of not more than three guest rooms or suites is a permitted use on a residential structure. We find that the statute, on its face, is unambiguous and thus not violative of the constitution. The ambiguity arose when the solicitor defined the word apartment on the same page as the word guest suite. The single word apartment is first, not defined in the entire Westerly Zoning Regulations; second; not mentioned in the section in question; and third, often used interchangeably with the word suite.
The solicitor, therefore created the entire ambiguity when he introduced the word apartment and defined it on his own. It is impossible to determine what authority, if any, the solicitor had for his definition.
Webster's II new Riverside University Dictionary (1984) defines apartment as, "a room or suite of rooms designed to live in and generally located in a building occupied by more than one household. Suite is defined as: "3. A series of connected rooms functioning as a living unit. "In this sense, suite would fit the town solicitor's definition of apartment. Black's Law Dictionary defines apartment house as, "a building arranged in several suites of connecting rooms, each suite designed for independent house keeping, but with certain mechanical convenience, such as heat, light, or elevator services, in common to all persons occupying the building." Black's Law Dictionary 94 (6th ed. 1990). Here, the word suite is evidently used interchangeably with the word apartment. This definition is actually included word for word in Appendix A of the Westerly Zoning Regulations on page 2205 as part of the Definition portion of the Planned Unit Development section. (Art. IV 1.4).
As stated above, the ordinance on its own was clear. There is no question that the introduction of the word "apartment" into the discussion created the controversy. If the Board relied on the definitions of the solicitor, then the board was legislating by introducing this fine distinction. The Board would, therefore, be acting, "in excess of the authority granted to the zoning board by statute or ordinance," which is proscribed by R.I.G.L.45-24-20(d)(2).
Reliance on the Definitions
This Court believes that the ordinance should have been read as written. In L'escault v. Zoning Board of Review ofCumberland, the court was forced with the question of whether a trailer could be considered a "building," "dwelling," or "structure," and thus comply with the zoning ordinance.162 A.2d 807 (1960). The Zoning Board asserted that the trailer was none of these. Id. at 809. In upholding the Board, the court held that, "if it was in contemplation that these words were used with other than their usual contention, such meaning should have been given." Lescault v. Zoning Board of Review of Cumberland, 162 A.2d at 809. (see also Campanella Corporation v. Zoning Board ofReview, 261 A.2d at 645, Mangory v. Bevilacqua, 432 A.2d at 663). In such a case, the Town Council of Westerly is responsible for any enactment or amendment of the Zoning Ordinance. R.I.G.L.45-24-1 (see also Verdecchia v. Johnson Town Council,589 A.2d 830, 832, "We have said that the amendment of a zoning ordinance is an exercise of a legislative function by a town council and it enjoys a presumption of legality. Carpiano v. Town Council ofNorth Providence, 104 R.I. 490, 495, 244 A.2d 861, 863 (1968)"). In the case before this Court, the Westerly Zoning Board of Review, if it relied on the solicitor's definition, essentially changed Section V(6)(a)(3) of the zoning regulations by: 1) distinguishing between an apartment and a guest suite and 2) making the renting of apartment impermissible in a W-1 zoning district. If the Board did not rely on the solicitor's definitions in making its decision, then it has failed to provide this Court with adequate grounds for its decision.
The Rhode Island Supreme Court has ruled time and again that Zoning Boards of Review must record their proceedings in sufficient detail to allow a reviewing court to ascertain the grounds of decision. Holmes v. Dowling, 413 A.2d 95 (1980),Travers v. Zoning Boards of Review of Bristol, 101 R.I. 510, 514, 225 A.2d 222, 224 (1967); Robinson v. Town Council ofNarragansett, 60 R.I. 422, 437, 199 A. 308, 314 (1938). The record in this case is sparse at best, and this Court cannot find that the Board's decision was supported by substantial evidence in the whole record.
The minutes of the October 2nd meeting include what is evidently a summary of the discussion and vote on the motion to uphold the zoning inspector. In that summary, the Board members seem to be relying on the solicitor's definitions in casting their votes but they never actually refer to the definitions. None of the board members gives any authority for finding the units to be apartments then finding apartments to be unpermitted. One of the Board members explained his vote this way: "I approve the Zoning Inspector's recommendation due to the fact I did view the sight and I would say definitely they are apartments." (Plaintiffs' exhibit D, defendants' exhibit C, attached to their memoranda of law, Minutes of the October 2, 1991 meeting of the Westerly Zoning Board).
If a Zoning Board fails to support its decision with sufficient evidence this Court may reverse that decision. Hopfv. Zoning Board of Newport, 102 R.I. 275, 288, Bastedo v. Boardof Review, 89 R.I. 112 [89 R.I. 420]; Winters v. Zoning Board of Review,80 R.I. 275, Petrarca v. Zoning Board of Review, 78 R.I. 130. Absent adequate grounds for its decision, the Board has arrived at a decision which is, "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." R.I.G.L. 45-24-10(d)(6). Such a decision may be set aside. Jacques v. Zoning Bd. of Review, 64 R.I. 284 (1940),Woodbury v. Zoning Bd. of Review, 78 R.I. 319 (1951) (Pistachio v. Zoning Bd. of Review, 88 R.I. 285 (1959), Maddenv. Zoning Bd. of Review, 89 R.I. 131 (1959).
After review of the record, the Court finds that the October 2, 1991 decision of the zoning board is reversed.
Counsel shall submit the appropriate judgment for entry within ten (10) days.